MARGARET D. McNEILL et al. v. D. A. BUIE et al.

(Filed 5 December, 1917.)

1. **Limitation of Action—Adverse Possession—Reference—Findings—Appeal and Error.**

   In this action to recover land, the title to the *locus in quo* depending upon the true divisional line between the adjoining lands, the referee's finding in defendant's behalf approved and accepted by the trial judge, with defendant's possession and cultivation of the lands, such as it was capable of for thirty years, is sustained on appeal.

2. **Appeal and Error—Objections and Exceptions—Briefs—Rules of Court.**

   Exceptions that are not taken or discussed in the brief are regarded as abandoned on appeal.

CIVIL ACTION, tried before *Connor, J.,* at April Term, 1917, of ROBE-SON, upon exceptions to report of Charles G. Rose, referee.

The court adopted the findings of fact of the referee as well as his conclusions of law, and confirmed the report and rendered judgment in favor of defendants. Plaintiffs excepted to the judgment and appealed.

*Seawell & Land and Manning & Kitchin for plaintiffs.*
*McLean, Varser & McLean for defendants.*

PER CURIAM. This action is to recover a tract of land containing 24 acres, and represented on map by boundaries marked D, J, H, B, C. The plaintiffs own the land lying north and the defendants the land lying south of the *locus in quo.* It seems that both parties trace their title back to a common source, and that the controversy is as to the proper location of the dividing line between the two tracts. Plaintiffs contend the true dividing line is the red line C B on plat. Defendants contend it is yellow line J H.

The court adjudges that the true dividing line is the yellow line J H, and that plaintiffs own the lands north and defendants the lands south of it. This finding gives the *locus in quo* to defendants.

The plaintiffs file a number of exceptions to the report of the referee and also assignments of error to the judgment of the court.

In the view we take of the case, it is not necessary in the disposition of this appeal to discuss them.

The referee finds that the "defendants and those under whom they claim have been in the open, notorious, adverse and undisputed possession of the 'middle 200 acres' of the O'Berry grant 'known as the Solomon Johnson old place,' up to the true dividing line between the Patrick Smith land and the Neill Buie land, for more than thirty years prior to the commencement of this cause."

It is the middle 200 acres of the O'Berry grant known as the Solomon Johnson old place, or the Patrick Smith land that defendants own and claim covers the *locus in quo* and runs up to the dividing line J H. It is the upper 200 acres, or Buie land, that plaintiffs own and claim runs down to C B.

The referee further finds "That the defendants and those under whom they claim have exercised such ownership of the uncleared land lying south of the true dividing line between the Smith and Buie land, as the land was capable of, since 1804, the date of the deed to Patrick Smith. That the plaintiffs and those under whom they claim have never exercised any continuous acts of ownership, and have never been in the actual possession of any portion of the land lying south of the true dividing line between the Smith land and the Buie land."

The plaintiffs except to these findings of fact upon the ground that there is no evidence to support them. We think there is evidence sufficient to support the finding, but this assignment of error under the rules of this Court cannot be considered, as it is deemed to have been abandoned, not having been set out and discussed in the brief. We think this disposes of the appeal.

Affirmed.